UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                        Plaintiff,

            v.

LOU KEITZMAN and KEITH GRYBOWSKI

                        Defendants.

-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**03 CIV. 2889**

**JURY TRIAL DEMANDED**

**BRIEANT**

        Plaintiff, MIDWORLD ENTERPRISES INC. ("MIDWORLD"), by and through its attorneys, JONES, SLEDZIK, GARNEAU & NARDONE, LLP, as and for its complaint against the defendants alleges:

I.    <u>PARTIES</u>

        1.    Plaintiff, Midworld, is a corporation incorporated in the State of New York, with its principal place of business in Westchester County.

        2.    Upon information and belief Defendant, Lou Keitzman, is a resident of Columbia, South Carolina.

        3.    Upon information and belief Defendant, Keith Grybowski, is a resident of Mt. Pleasant, South Carolina.

II.    <u>JURISDICTION</u>

        4.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.   The amount in controversy exceeds

1

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.                    Rule 7.1 Statement

                    Plaintiff,

        -against-

LOU KEITZMAN and KEITH GRYBOWSKI

                    Defendants.

-------------------------------------------------------------X

        PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 7.11 AND TO ENABLE

JUDGES AND MAGISTRATE JUDGES OF THE COURT TO EVALUATE POSSIBLE

DISQUALIFICATION OR RECUSAL, THE UNDERSIGNED COUNSEL FOR PLAINTIFF

MIDWORLD ENTERPRISES INC. (A PRIVATE NON-GOVERNMENTAL PARTY)

CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS, AFFILIATES

AND/OR SUBSIDIARIES OF SAID PARTY WHICH ARE PUBLICLY HELD:

        NONE.


DATED:        April 23, 2003        _____
                                    STEPHEN J. JONES (SJJ 7140)
                                    JONES SLEDZIK GARNEAU & NARDONE, LLP
                                    670 WHITE PLAINS ROAD, PENTHOUSE
                                    SCARSDALE, NY 10583
                                    (914) 472-2300

FILED
U.S. DISTRICT COURT
2003 APR 24   P 4:40
S.D. OF N.Y. W.P.

03 CIV. 2889

BRIEANT

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MIDWORLD ENTERPRISES INC.                    Rule 7.1 Statement

                Plaintiff,

      -against-                                     # 03 CIV. 2889

LOU KEITZMAN and KEITH GRYBOWSKI

              Defendants.

-----------------------------------------------------------X

      PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 7.11 AND TO ENABLE

JUDGES AND MAGISTRATE JUDGES OF THE COURT TO EVALUATE POSSIBLE

DISQUALIFICATION OR RECUSAL, THE UNDERSIGNED COUNSEL FOR PLAINTIFF

MIDWORLD ENTERPRISES INC. (A PRIVATE NON-GOVERNMENTAL PARTY)

CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS, AFFILIATES

AND/OR SUBSIDIARIES OF SAID PARTY WHICH ARE PUBLICLY HELD:

      NONE.


DATED:      April 23, 2003

                                        STEPHEN J. JONES (SJJ 7140)
                                        JONES SLEDZIK GARNEAU & NARDONE, LLP
                                        670 WHITE PLAINS ROAD, PENTHOUSE
                                        SCARSDALE, NY 10583
                                        (914) 472-2300

# MEMO ENDORSED



JAMES M. MALONEY (JM-3352)
Attorney for Defendant Keith Grybowski
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                              Plaintiff,            03 CIV. 2889 (CLB) (GAY)


          v.

                                                    **NOTICE**
                                          **OF MOTION TO DISMISS**
LOU KEITZMAN and KEITH GRYBOWSKI

                              Defendants.


------------------------------------------------------------------X

    Defendant Keith Grybowski, without consenting to personal jurisdiction, will move this
Court, before the Honorable Charles L. Brieant, United States District Judge, for an Order
pursuant to Fed. R. Civ. P. 12 (b) and 28 United States Code, Section 1406 (a), that the
above-entitled action be dismissed, or, in the alternative, if it be deemed in the interest of
justice, as provided by 28 U.S.C. § 1406 (a), that this action be transferred to the United
States District Court for the District of South Carolina, Charleston Division.


    Please take notice that the undersigned will so move at a previously scheduled
appearance on the 20th day of June, 2003, at the United States Courthouse
300 Quarropas Street, White Plains, NY 10601-4150, Courtroom 218.

Dated:        Port Washington, New York
              May 29, 2003


                        JAMES M. MALONEY (JM-3352)
                        Attorney for Defendant Keith Grybowski
                        33 Bayview Avenue
                        Port Washington, New York 11050
                        (516) 767-1395

JAMES M. MALONEY (JM-3352)
Attorney for Defendant Keith Grybowski
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                              Plaintiff,          03 CIV. 2889 (CLB) (GAY)


                     v.                           **AFFIRMATION OF SERVICE**

LOU KEITZMAN and KEITH GRYBOWSKI

                              Defendants.
-------------------------------------------------------------------X

James M. Maloney, an attorney at law admitted to practice before this Honorable

Court,, hereby declares and affirms under penalty of perjury as follows:

        On the 29th day of May, 2003, I served the within _NOTICE OF MOTION_

by sending a true copy thereof by Priority Mail, delivery confirmation (number 0302-1790-

0000-2634-9129) requested, to the attorneys for Plaintiff at the address listed below:

Stephen J. Jones, Esq.
Jones, Sledzik, Garnueau, & Nardone, LLP
670 White Plains Road, Penthouse
Scarsdale, NY 10583

        I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Dated:        Port Washington, New York
              May 29, 2003


                              JAMES M. MALONEY (JM-3352)
                              Attorney for Defendant Keith Grybowski
                              33 Bayview Avenue
                              Port Washington, New York 11050
                              (516) 767-1395

JAMES M. MALONEY (JM-3352)
Attorney for Defendant Keith Grybowski
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                                   Plaintiff,              03 CIV. 2889 (CLB) (GAY)


                v.
                                                    **MEMORANDUM IN SUPPORT
                                                    OF MOTION TO DISMISS**
LOU KEITZMAN and KEITH GRYBOWSKI

                                   Defendants.


------------------------------------------------------------------X

        Defendant Keith Grybowski, without consenting to personal jurisdiction,[1] moves

pursuant to Fed. R. Civ. P. 12 (b) and 28 United States Code, Section 1406 (a), that the

above-entitled action be dismissed.  Dismissal of this action is proper under Rule 12(b) for the

reason that this Court lacks personal jurisdiction over defendant Keith Grybowski.  In

addition, dismissal of this action is warranted in that the venue is wholly improper. In the

alternative, it if be deemed in the interest of justice, as provided by 28 U.S.C. § 1406 (a),

Defendant Keith Grybowski requests that this action be transferred to the United States District

Court for the District of South Carolina, Charleston Division, where the action could have

been brought originally. In support of this motion this defendant shows the Court the

following:

---

[1] Grybowski accordingly makes what has previously a "special appearance" for the limited purpose of bringing this motion, although no consent to personal jurisdiction would be implied by this response absent the use of that phrase. *See, e.g., Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 783 n. 6 (N.D. Ill. 1998).

## Statement of Facts

1.    Defendant Keith Grybowski is a resident of the State of South Carolina (as correctly alleged at paragraph 3 of the Complaint).  *See also* Affirmation of Keith Grybowski executed May 27, 2003 ("Grybowski Aff."), submitted herewith, at paragraph 4 thereof.

2.    The Complaint erroneously alleges that Plaintiff Midworld Enterprises Inc.(Midworld") is a corporation incorporated in the State of New York, with its principal place of business in Westchester County. This allegation is in fact not true and was or should have been known to Plaintiff's counsel at the time he signed the Complaint. *See* Grybowski Aff at ¶ 11 and Exhibit 2 thereto.

3.    Midworld is in fact a Delaware corporation. *Id.*

4.    Midworld's principal place of business is in South Carolina. All of Plaintiff's employees live and work in South Carolina.  *See* Grybowski Aff at ¶ 9.

5.    All employment agreements which were entered into between Defendant Keith Grybowski and Plaintiff Midworld were negotiated and signed in South Carolina.  *See* Grybowski Aff at ¶ 6.

6.    At all times relevant to the litigation, neither Plaintiff Midworld nor Defendant Keith Grybowski paid taxes, nor did they have telephones, bank accounts or agents for service of process in New York.   *See* Grybowski Aff at ¶¶ 5, 10.

7.    On April 1, 2003, Defendant Keith Grybowski resigned as an employee of Plaintiff Midworld Enterprises. *See* Grybowski Aff at ¶ 6.

## Lack of Personal Jurisdiction

A court may exercise personal jurisdiction over a non-resident defendant only where "minimum contacts" exists such that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice'" *International Shoe Co. v Washington*, 326 U.S. 310, 316 (1945). When, as here, jurisdiction is limited solely to an argument of diversity pursuant to 28 U.S.C. § 1332, or in a case arising under a federal law that does not provide for service of process on a party outside the state, the issue of personal jurisdiction must be determined according to the law of the forum state. *See Omni Capital International v. Rudolf Wolf & Co.*, 484 U.S. 97, 105-10 (1987); *Bensusan Restaurant Corp v. King*, 126 F.3d 25, 27 (2d Cir. 1997).

Under applicable provisions of New York statutes (§§ 301, 302 of the Civil Procedure Rules & Law), Grybowski does not have sufficient contacts with the State of New York to support personal jurisdiction before the United States District Court for the Southern District of New York. Defendant Keith Grybowski neither resides in the state nor in the judicial district encompassed by the Southern District of New York, nor does this litigation arise out of any activity that occurred within this forum. In fact, Plaintiff Midworld Enterprises Inc. is a Delaware Corporation that, at all times relevant to this litigation, was never authorized to do business in New York. All of the events surrounding the employment agreements that are the subject matter of this action were occurred outside the state of New York. Defendant Grybowski did not transact any business or provide any service within the State of New York, whether relating to this action or otherwise. All of Midworld's employees, including Grybowski, worked in South Carolina. For the foregoing reasons, the complaint must be dismissed.

## Improper Venue

Proper venue for a civil action is prescribed by 28 U.S.C. § 1391, which states in

pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial distinct in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

If venue is improper, then the court "shall dismiss, or it be in the interest of justice, transfer

such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a)

All of the activities related to the formation, execution and production of services under

the agreements at issue arose out of and took place in South Carolina. Neither Plaintiff

Midworld nor Defendant Grybowski pays taxes, nor does either have offices, telephones,

employees, bank accounts, or agents for service of process in New York. In fact, the only

document linking the parties at all is the second employment agreement, which specifies

jurisdiction and venue in South Carolina. For this reason, the only jurisdiction that venue

would be proper is in South Carolina.

## *Forum Non Conveniens*

In the alternative, should the Court determine New York is a proper forum for this

action, the Court has broad discretion to decline jurisdiction on *forum non conveniens* grounds

where, as here, "dismissal would best serve the convenience of the parties and the ends of

justice." *Murray v. British Broadcasting Corp.* 81 F.3d 287, 290 (2d Cir. 1996) (affirming

*forum non conveniens* dismissal).

The *forum non conveniens* inquiry has two steps. First, the court must determine that

an adequate alternative forum exists. *PT United Can Co. v. Crown Cork & Beal Co.*, 138 F.3d

65, 73 (2d Cir. 1998). Second, "[t]he trial court should consider and weigh all relevant public

and private interest factors that bear upon the relative convenience of the forums that might

advantage or disadvantage the respective parties. *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508-12 (1947). Under this analysis, South Carolina provides an adequate alternative forum, and the *Gilbert* factors overwhelmingly favor litigation in South Carolina as detailed below.

Defendant Keith Grybowski will consent to jurisdiction in South Carolina, where all contracts at issue were negotiated and signed. All of the Plaintiff's employees are or were residents of South Carolina. Plaintiff's bank accounts are in South Carolina. All of the defendants are residents of South Carolina. For all of the foregoing reasons, all of the relevant evidence is far more accessible in South Carolina.

Also, Defendant Keith Grybowski is no longer employed by Midworld. The expense and inconvenience during the discovery and trial stages to Grybowski and other South Carolina witnesses would be avoided by litigation in South Carolina. *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 994. F.2d 996, 1001 (2d Cir. 1993) (dismissing action in part because of prohibitive cost of bringing witnesses to a foreign jurisdiction).

As an alternative to dismissal, pursuant to 28 U.S.C. § 1404(a) a district court may transfer any civil action to any other district or division where it might have been brought in the interest of justice for the convenience of parties and witnesses. Similar to a *forum non conveniens* determination, a court should consider "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *American Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994). Accordingly, this court has the discretion to transfer this action to South Carolina.

## Conclusion

For all of the foregoing reasons, the Complaint be dismissed, or, in the alternative, if it de deemed in the interest of justice, this action should be transferred to the United States District Court for the for the District of South Carolina, Charleston Division, where this action

could have been brought originally.  On the basis of the patent impropriety of the venue

selected by Plaintiff, Grybowski should be awarded costs, disbursements and reasonable

attorneys' fees expended in bringing this motion.

Dated:          Port Washington, New York
                May 29 , 2003

                              JAMES M. MALONEY (JM-3352)
                              Attorney for Defendant Keith Grybowski
                              33 Bayview Avenue
                              Port Washington, New York 11050
                              (516) 767-1395

-6-

JAMES M. MALONEY (JM-3352)
Attorney for Defendant Keith Grybowski
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                              Plaintiff,              03 CIV. 2889 (CLB) (GAY)


              v.                                  **AFFIRMATION OF SERVICE**

LOU KEITZMAN and KEITH GRYBOWSKI

                              Defendants.
-------------------------------------------------------------------X

        James M. Maloney, an attorney at law admitted to practice before this Honorable

Court,, hereby declares and affirms under penalty of perjury as follows:

        On the 29th day of May, 2003, I served the within _MEMORANDUM IN SUPPORT_

by sending a true copy thereof by Priority Mail, delivery confirmation (number 0302-1790-

0000-2634-9129) requested, to the attorneys for Plaintiff at the address listed below:

Stephen J. Jones, Esq.
Jones, Sledzik, Garnueau, & Nardone, LLP
670 White Plains Road, Penthouse
Scarsdale, NY 10583

        I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Dated:      Port Washington, New York
            May 29, 2003

                              _____
                              JAMES M. MALONEY (JM-3352)
                              Attorney for Defendant Keith Grybowski
                              33 Bayview Avenue
                              Port Washington, New York 11050
                              (516) 767-1395

JAMES M. MALONEY (JM-3352)
Attorney for Defendant Keith Grybowski
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                                    Plaintiff,              03 CIV. 2889 (CLB) (GAY)

           v.                                               REPLY DECLARATION IN
                                                            SUPPORT OF DEFENDANT'S
                                                            MOTION TO DISMISS

LOU KEITZMAN and KEITH GRYBOWSKI

                                    Defendants.

-----------------------------------------------------------------X

        JAMES M. MALONEY, an attorney at law admitted to practice before this Honorable

Court, declares and affirms under penalty of perjury as follows:


        1. I represent Defendant Keith Grybowski ("Grybowski") in a special appearance and

without consent to personal jurisdiction over him in the above-captioned action.


        2. I submit this declaration in reply on Grybowski's motion to dismiss the complaint

or, in the alternative, to transfer the action to the District of South Carolina, where Grybowski

has consented to jurisdiction.


        3. I received and reviewed Plaintiff's papers in opposition to Grybowski's motion on

June 16, 2003.  Nothing in these papers changes the fact that Plaintiff's complaint: (1) relies

upon false pleadings; and (2) omits any mention of the forum selection clause that Plaintiff

now relied upon for the first time in its response to this motion (and which clause appears in a

contract that has been superseded, *see infra*).  In short, the responsive papers show no basis by

which this Court may or should retain jurisdiction over Grybowski.  In an effort to mitigate

the mounting attorneys' fees, I have limited Grybowski's reply to this affirmation and the Affirmation of Keith Grybowski executed May 29, 2003 ("Grybowski Aff.") submitted herewith.

4. Although Plaintiff's papers in opposition to Grybowski's motion go to great lengths to convince the Court that Plaintiff is a "New York business" with which Grybowski "transacted," this appears to be a fiction. On June 17, 2003, I contacted the Division of Corporations of the Secretary of State of the State of New York at 1-518-473-2492 and 1-900-835-2677 to inquire whether Midworld Enterprises Inc. is licensed to do business in the State of New York and confirmed that there is no such registration. On June 16, 2003, I preliminarily investigated by checking the Department of State Internet database for all listings of any corporation licensed to do business in the State of New York that uses the name "Midworld" and found only one: a Midworld Entertainment Ltd., which, upon information and belief, is not the same as the Plaintiff herein. A true copy of the printout of that corporation's listing on the Department of State Internet database is attached hereto as Exhibit 5. There was no record that Midworld Enterprises Inc. has ever been licensed to do business in New York.

5. On June 16, 2003, I also sent an e-mail to the Division of Corporations of the Secretary of State of the State of New York inquiring about Midworld Enterprises, to which the Division of Corporations responded on June 17, 2003, that there is no record of a filing for that entity. A true copy of the printout of that e-mail exchange is attached hereto as Exhibit 6.

6. The Affidavit of Douglas Brennan executed June 13, 2003 ("Brennan Aff.") submitted as part of Plaintiff's papers in opposition to Grybowski's motion includes an Exhibit B, which is a copy of an Employment Agreement dated December 20, 2000, between Plaintiff and Grybowski, which contains at paragraph 7 thereof a clause providing that Grybowski "agrees to submit to the jurisdiction of the Supreme Court of the State of New York in

Westchester County."

7. Submitted herewith as Exhibit 4 to the Grybowski Aff. is a more recent
Employment Agreement dated Sepember 1, 2001, between Plaintiff and Grybowski, which
contains at paragraph 6 thereof a clause providing that Grybowski "agrees to submit to the
jurisdiction of the Circuit Court of South Carolina," and also contains, at paragraph 12
thereof, a provision to the effect that the Employment Agreement dated September 1, 2001,
supersedes all previous agreements.

8. The complaint, which in any event alleges a negligence claim and not a breach of
contract claim against Grybowski, not only fails to mention the superseding agreement
described in the foregoing paragraph but also falsely alleges in its first paragraph that
Midworld Enterprises Inc. is "a corporation incorporated in the State of New York, with its
principal place of business in Westchester County." It having now been shown that the
corporation is neither incorporated in the State of New York nor licensed to do business here,
and given that the only claimed basis for jurisdiction over Grybowski is that he "transacted
business" with said corporation, it is respectfully submitted that this action should be
dismissed for lack of personal jurisdiction over Grybowski.

9. Upon information and belief, the attorney who signed the complaint, Stephen Jones,
is a director of Midworld Enterprises Inc., who should therefore have known the truth about
that corporate entity. It is also undisputed that Douglas Brennan, who verified the complaint
under oath on April 17, 2003, is a director. Nevertheless, the verified complaint, which
falsely alleges that Midworld Enterprises Inc. is "a corporation incorporated in the State of
New York, with its principal place of business in Westchester County," remains the only
pleading in this matter.

10. Upon information and belief, Grybowski sent a letter by fax and certified mail on
or about May 13, 2003, to Stephen Jones, noting the falsities in the complaint (place of

incorporation and principal place of business), stating his belief that this suit "was filed improperly so as to harass," agreeing to accept service by mail of a complaint filed in the District of South Carolina, and putting the Plaintiff on notice that he would seek Rule 11 sanctions if the New York complaint were not withdrawn. Upon information and belief, Plaintiff acknowledged and replied to that letter on May 19, 2003, stating its belief that it is not "necessary to amend the complaint or voluntarily dismiss it at this time." Copies of Grybowski's May 13, 2003, letter, and of Plaintiff's attorneys' letter of May 19, 2003, which, upon information and belief, are true copies thereof, are attached hereto as Exhibit 7. Plaintiff has made no motion to amend its pleading, and appears to be standing by it despite the known falsities it contains.

11. It is submitted that, since Plaintiff's complaint relies upon false pleadings, omits any mention of the forum selection clause that Plaintiff has relied upon for the first time in its response to this motion (and which clause appears in a contract that has been superseded), and relies upon a general negligence theory rather than a contract-based one, there is no basis by which this Court may or should retain jurisdiction over Grybowski, and that the complaint should be dismissed or, in the alternative, the action transferred.

WHEREFORE, For all of the foregoing reasons, the Complaint be dismissed, or, in the alternative, if it de deemed in the interest of justice, this action should be transferred to the United States District Court for the for the District of South Carolina, Charleston Division, where this action could have been brought originally. On the basis of the patent impropriety of the venue selected by Plaintiff, and given the notice provided in the letter attached hereto as Exhibit 7, Grybowski should be awarded costs, disbursements and reasonable attorneys' fees expended in bringing this motion.

Dated:      Port Washington, New York
            June 17, 2003

            JAMES M. MALONEY (JM-3352)
            Attorney for Defendant Keith Grybowski
            33 Bayview Avenue
            Port Washington, New York 11050
            (516) 767-1395

# NYS Department of State
## Division of Corporations

# Entity Information

**Selected Entity Name:** MIDWORLD ENTERTAINMENT LTD.

| | |
|---|---|
| **Current Entity Name:** | MIDWORLD ENTERTAINMENT LTD. |
| **Initial DOS Filing Date:** | 04/16/1998 |
| **County:** | SUFFOLK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | INACTIVE |

**DOS Process** (Address to which DOS will mail process if accepted on behalf of the entity)
MIDWORLD ENTERTAINMENT LTD.
POST OFFICE BOX 196
KINGS PARK, NEW YORK 11754

**Registered Agent**
NONE

**NOTE:** New York State does not issue organizational identification numbers.

[ Search Results ] [ Search the Database ]

[ Division of Corporations, State Records and UCC Home Page ] [ NYS Department of State Home Page ]

EXHIBIT 5

**James M. Maloney**

| | |
|---|---|
| **From:** | "Inetcorp" <Inetcorp@dos.state.ny.us> |
| **To:** | <jmm257@nyu.edu> |
| **Sent:** | Tuesday, June 17, 2003 12:27 PM |
| **Subject:** | Re: Midworld Enterprises |

This is in response to your request for the status of Midworld Enterprises.

We have no record of an entity filed in this office with the name Midworld Enterprises on our corporate, limited partnership, limited liability company, limited liability partnership or assumed name databases.

You may wish to contact the county clerk's office in the county where the entity is located to determine if the certificate is on file at the county level.

For your future reference, basic record information from the Division of Corporations index of corporations and business entities is now available through the Internet without charge. The information contained in this file is updated weekly. You may access these records at www.dos.state.ny.us .

We hope you find the above information to be of assistance. If we may provide any further information, please do not hesitate to contact us.

Sincerely,


Division of Corporations
(518) 473-2492




>>> jmm80@earthlink.net 6/16/2003 11:31:19 PM >>>
I checked your databases but have found no listing for "Midworld Enterprises." One of the corporation's officers swears they are in New York with an office in Ossining. Can you advise?

Thank you,

James M. Maloney
jmm80@earthlink.net
jmm257@nyu.edu
http://homepages.nyu.edu/~jmm257

EXHIBIT    6

6/17/2003



2117 Shell Ring Circle
Mount Pleasant, SC 29464
Fax (843) 856-8761
Telephone (843) 856-9302
E-Mail Mmariner @gte.net

# *Keith S Grybowski*

May 13, 2003

Stephen Jones, Esq.
Jones, Sledzik Garneau & Nardone LLP
670 White Plains Road
Scarsdale,  NY 10583

*By fax to (914) 472-2312 (4 pages) and*
*Certified mail*

Re:    Midworld Enterprises Inc. v. Lou Keitzman and Keith Grybowski
       03Civ 2889 USDC WP SDNY (BRIEANT)

Dear Mr. Jones:

On Friday May 9th, 2003 I was served with a complaint in the referenced action.
The pleading was singed by you. (SJJ7140).

The complaint contains the various representations that you should have known
were incorrect at the time you signed the pleading in that you are a member of
Midworld's Board of Directors and its attorney.

First, Midworld is a Delaware Corporation, not a New York Corporation. (See
attached certificate of incorporation and certification) Your firm was responsible
in preparing and filing the necessary documentation for the corporation's initial
formation. The Corporate Division of the New York Secretary of State advised
me on May 12th, 2003, that Midworld Enterprises Inc. has never been registered
to do business in the State of New York.

Second, Midworld Enterprises principal place of business is not in Westchester
County. All of Midworld's corporate business was conducted through its
employees in South Carolina. All of Midworld's bank accounts are in South
Carolina. All of Midworld's officers reside and work in South Carolina. All of the
various employment agreements were negotiated and signed in South Carolina.

The remaining allegations, if litigated, will prove the frivolous nature of this action.

It is clear that the pleading was filed improperly so as to harass, and to cause
upon me unnecessary and needless legal expenses in defending the alleged
allegations. I request that you voluntary dismiss the complaint. If you determine it
necessary to refile an amended complaint, I will accept service by mail if the

EXHIBIT  7

action is initiated in the District Court, Charleston, South Carolina. If you do not agree to voluntarily dismiss the complaint in its present form, I will retain counsel for the purpose of all remedies I am entitled to, including those under Rule 11 of the Federal Rules of Civil Procedure.

I must receive written confirmation as to your intentions by the close of business on May 16th, 2003. Should you require further time to review your position, I would request an extension up to June 27, 2003 in which to respond to the pleading.

ENTERED MAY 1 4 2003

Keith S. Grybowski

Encl. 1)    December 4th, 2000 Midworld
Certificate of Incorporation

2)    May 2, 2002 Midworld Certificate

**JONES SLEDZIK GARNEAU & NARDONE, LLP**
**670 White Plains Road, Penthouse**
**Scarsdale, New York 10583**
**(914) 472-2300**
**Fax (914) 472-2312**

Stephen J. Jones
Steven T. Sledzik*
Gregg P. Garneau
Peter K. Nardone
Deborah H. Wayne*
Marcy Blake
*Also Admitted in
Connecticut

*Of Counsel*
Louis W. Bauman
Eric P. Blaha
Adam T. Bradley
John G. Callahan
Paul F. Perreten

By Facsimile and Regular Mail

May 19, 2003

Keith Grybowski
2117 Shell Ring Circle
Mount Pleasant, SC 29464

Re:     Midworld Enterprises Inc.

Dear Mr. Grybowski,

    We are writing regarding your letter dated May 13, 2003. Based upon your letter, we do
not believe it necessary to amend the complaint or voluntarily dismiss it at this time.   Enclosed
is a notice that we recently received regarding an upcoming court conference in this matter.

Very truly yours,

Steven T. Sledzik
Enc.

## AFFIRMATION OF SERVICE

The undersigned, an attorney, hereby affirms under penalty of perjury that a true copy of the foregoing document was served on the attorneys of all parties who have appeared at the address listed below on the 17th day of June, 2003, by sending the same in a sealed envelope, with shipping charges paid by the sender, via Federal Express Standard Overnight delivery, Airbill No.8412 1041 4430, addressed as shown below:

Steven T. Sledzik, Esq.
JONES, SLEDZIK, GARNEAU & NARDONE, LLP
670 White Plains Road
Scarsdale, NY 10583

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Dated this 17th of June, 2003.

JAMES M. MALONEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                              Plaintiff,

                                                    03 Civ. 2889 (CLB) (GAY)

        v.


LOU KEITZMAN and KEITH GRYBOWSKI

                              Defendants.

---------------------------------------------------------------- X



AFFIRMATION OF KEITH GRYBOWSKI
IN SUPPORT OF 12(b)(2) MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION


        Keith S. Grybowski declares under penalty of perjury as follows:

1.      My name is Keith S. Grybowski.

2.      This affirmation is submitted in connection with this lawsuit, entitled _Midworld_

_Enterprises v. Lou Keitzman & Keith Grybowski_, case number 03 Civ. 2889 (CLB)

(GAY), which was filed in the United States District Court for the Southern District of

New York.

3.      I am the defendant named "Keith Grybowski" in this action, and have personal

knowledge of the information contained herein.

4.      I am now, and was at all times referred to herein, a resident of the State of

South Carolina. I reside in Charleston, South Carolina.

5.    I own no real property in New York. I have no business interests in New York. I have not contracted to supply any goods or services there. I derive no income from goods sold in New York or from services rendered there. I do not pay taxes to the State of New York, nor do I do business in or solicit any business from the State of New York.

6.    From December 18, 2000, until April 1, 2003, pursuant to various employment agreements, I was employed as the Vice President of Midworld Enterprises Inc. ("Midworld"), the plaintiff herein. The employment agreements were negotiated and signed in South Carolina.

7.    Pursuant to an employment agreement executed on or about September 1, 2001, I agreed to submit to the jurisdiction of the Courts of South Carolina for any and all claims, controversies and disputes of any nature whatsoever arising out of or related in any way to my employment with Midworld.

8.    From 2000 to the present, which includes all times relevant to this action, I have had no occasion to travel to or through New York for any purpose related to this litigation. My business office was in South Carolina.

9.    One of my responsibilities as Midworld's Vice President was registering its employees with the tax withholding agencies in the states in which the corporation=s employees worked. In January of 2001, I received a withholding agent registration certificate on behalf of Midworld Enterprises as issued by the South Carolina Department of Revenue, a true copy of which is attached hereto as Exhibit 1.  At all

times relevant to this litigation, South Carolina was the only state in which Midworld Enterprises had employees.

10. Another of my responsibilities as Vice President of Midworld Enterprises was the preparation and submission of reports to the President and various board members of Midworld. At all times relevant to this litigation, the only bills for office expenses, including phone bills, office supplies or travel expense reimbursements were for those expenses incurred or originating in South Carolina. To the best of my knowledge, the only bank account of Midworld is in South Carolina.

11. The complaint in this action erroneously states at paragraph 1 thereof that Midworld is incorporated in the State of New York. Midworld is a Delaware corporation. Attached hereto as Exhibit 2 is a true copy of the Certificate of Incorporation of Midworld Enterprises Inc.

12. In May of 2002, I received a certificate of good standing from the Delaware Secretary of State regarding the corporate status of Midworld Enterprises Inc., a true copy of which is attached hereto as Exhibit 3.

Pursuant to the provisions of 28 U.S.C. section 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____27th_____ day of May, 2003,

_____
Keith Grybowski

Page 3 of 3
Keith S Grybowski - Affirmation



# WITHHOLDING AGENT REGISTRATION
## STATE OF SOUTH CAROLINA
### DEPARTMENT OF REVENUE
#### Withholding Tax
COLUMBIA, SC 29214-0004

Form 101
(Rev. 4/98)
8000

01-15-2001

| STATE WITHHOLDING NUMBER | | FEI/SSN |
|---|---|---|
| 25414599 1 | KEITH S GRYBOWSKI<br>MIDWORLD ENTERPRISES INC<br>PO BOX 21169<br>CHARLESTON SC 29413 | 571113239 |

You have been registered with South Carolina Department of Revenue as a withholding agent for the purpose of withholding South Carolina income taxes and have been assigned a permanent number which is shown above. Any correspondence or inquires should be directed to the Taxpayer Service Center in your area or the Taxpayer Assistance Office in Columbia and should refer to this number.

R.D. TXPRG042

1

---



# WITHHOLDING AGENT REGISTRATION
## STATE OF SOUTH CAROLINA
### DEPARTMENT OF REVENUE
#### Withholding Tax
COLUMBIA, SC 29214-0004

Form 101
(Rev. 4/98)
8000

| STATE WITHHOLDING NUMBER | | FEI/SSN |
|---|---|---|
| | | |

You have been registered with South Carolina Department of Revenue as a withholding agent for the purpose of withholding South Carolina income taxes and have been assigned a permanent number which is shown above. Any correspondence or inquires should be directed to the Taxpayer Service Center in your area or the Taxpayer Assistance Office in Columbia and should refer to this number.

---



# WITHHOLDING AGENT REGISTRATION
## STATE OF SOUTH CAROLINA
### DEPARTMENT OF REVENUE
#### Withholding Tax
COLUMBIA, SC 29214-0004

Form 101
(Rev. 4/98)
8000

| STATE WITHHOLDING NUMBER | | FEI/SSN |
|---|---|---|
| | | |

You have been registered with South Carolina Department of Revenue as a withholding agent for the purpose of withholding South Carolina income taxes and have been assigned a permanent number which is shown above. Any correspondence or inquires should be directed to the Taxpayer Service Center in your area or the Taxpayer Assistance Office in Columbia and should refer to this number.

# EXHIBIT  1

Apr. 2. 1996. 3:19PM BERTINE HUFNAGEL          (9144721046          T-158  No.0117  P-1/3

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 05:00 PM 12/06/2000
001605517 - 3324465

## CERTIFICATE OF INCORPORATION

### O F

### MIDWORLD ENTERPRISES INC.

FIRST: The name of the corporation is:

MIDWORLD ENTERPRISES INC.

SECOND: Its registered office in the State of Delaware is to be located at:

615 South DuPont Highway
Dover, DE 19901

The county in which the registered office will be located is:   Kent.

The registered agent in charge thereof is:

Colby Attorneys Service Co., Inc.

THIRD: The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH: The total number of shares of stock which this corporation is authorized to issue is 200 without par value.

FIFTH: The name and mailing address of the incorporator is as follows:    Melissa A. Arsenault c/o Colby Attorneys Service Co., Inc., P.O. Box 737, Albany, NY 12201-0737.

SIXTH: The Board of Directors shall have the power to adopt, amend or repeal the by-laws.

SEVENTH: No director shall be personally liable to the Corporation or its stockholders for monetary damages for any breach of fiduciary duty by such director as a director. Notwithstanding the foregoing sentence, a director shall be liable to the extent provided by applicable law, (i) for breach of director's duty of loyalty to the Corporation or its stockholders, (ii) for acts of omissions not in good faith of law, (iii) pursuant to Section 174 of the Delaware General Corporation Law or (iv) for any transaction for which the director derived an improper personal benefit. No amendment to or repeal of this Article Seventh shall apply to or have any effect on the liability or alleged liability of any director of the Corporation for or with respect to any acts or omissions of such director occuring prior to such amendment.

EIGHTH: The shareholders shall not have pre-emptive rights.

I, THE UNDERSIGNED, for the purpose of forming a corporation under the Laws of the State of Delaware, do make, file and record this Certificate, and do certify that the facts herein stated are true, and have accordingly hereunto set my hand on this day    December 4, 2000

Melissa A. Arsenault
Incorporator

EXHIBIT  2



# Delaware

PAGE  1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "MIDWORLD ENTERPRISES INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SECOND DAY OF MAY, A.D. 2002.



*Harriet Smith Windsor*
_____
Harriet Smith Windsor, Secretary of State

3324465  8300

AUTHENTICATION: 1756772

EXHIBIT 3

PAGE 1



# State of Delaware

**SECRETARY OF STATE**
**DIVISION OF CORPORATIONS**
**P.O. BOX 898**
**DOVER, DELAWARE 19903**

020238793

9352469                                                        05-02-2002
MIDWORLD ENTERPRISES INC.
P. O. BOX 21169
CHARLESTON                    SC    29413

ATTN: KEITH S. GRYBOWSKI

| DESCRIPTION | AMOUNT |
|---|---|
| MIDWORLD ENTERPRISES INC. | |
| 3324465    0312V Renewal for Void | |
| Renewal | * 5.00 |
| Receiving/Indexing | * 50.00 |
| Data Entry Fee | * 20.00 |
| Surcharge Assessment-Kent County | * 6.00 |
| Page Assessment-Kent County | * 18.00 |
| * ITEMS WERE PREVIOUSLY BILLED         FILING TOTAL | 99.00 |
| | |
| MIDWORLD ENTERPRISES INC. | |
| 3324465    8300  Certificate in Re Short | |
| Certification Fee | 20.00 |
| FILING TOTAL | 20.00 |
| TOTAL CHARGES | 119.00 |
| TOTAL PAYMENTS | 99.00 |
| CHARGED TO ACCOUNT | 20.00 |



JAMES M. MALONEY (JM-3352)
Attorney for Defendant Keith Grybowski
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                              Plaintiff,              03 CIV. 2889 (CLB) (GAY)


              v.                                      **AFFIRMATION OF SERVICE**

LOU KEITZMAN and KEITH GRYBOWSKI

                              Defendants.
------------------------------------------------------------------X

     James M. Maloney, an attorney at law admitted to practice before this Honorable
Court,, hereby declares and affirms under penalty of perjury as follows:

     On the 29th day of May, 2003, I served the within *AFFIRMATION OF KEITH GRYBOWSKI*
by sending a true copy thereof by Priority Mail, delivery confirmation (number 0302-1790-
0000-2634-9129) requested, to the attorneys for Plaintiff at the address listed below:

Stephen J. Jones, Esq.
Jones, Sledzik, Garnueau, & Nardone, LLP
670 White Plains Road, Penthouse
Scarsdale, NY 10583

     I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.

Dated:        Port Washington, New York
              May 29, 2003

                              JAMES M. MALONEY (JM-3352)
                              Attorney for Defendant Keith Grybowski
                              33 Bayview Avenue
                              Port Washington, New York 11050
                              (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MIDWORLD ENTERPRISES INC.

                              Plaintiff,

                                                    03 Civ. 2889 (CLB) (GAY)

        v.


LOU KEITZMAN and KEITH GRYBOWSKI

                              Defendants.

---------------------------------------------------------------- X


AFFIRMATION OF KEITH GRYBOWSKI
IN SUPPORT OF 12(b)(2) MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION


        Keith S. Grybowski declares under penalty of perjury as follows:

1.      My name is Keith S. Grybowski.

2.      This affirmation is submitted in connection with this lawsuit, entitled *Midworld*

*Enterprises v. Lou Keitzman & Keith Grybowski*, case number 03 Civ. 2889 (CLB)

(GAY), which was filed in the United States District Court for the Southern District of

New York.

3.      I am the defendant named "Keith Grybowski" in this action, and have personal

knowledge of the information contained herein.

4.      Attached as Exhibit 4  to this affirmation is a true copy of the September 1,

2001 employment agreement between myself and Midworld Enterprises Inc.

5.    The employment agreement was negotiated and signed in South Carolina.

6.    On April 1, 2003, I resigned from Midworld Enterprises Inc.


Executed on this ___29²___ day of May, 2003,


Keith Grybowski

# EMPLOYMENT AGREEMENT

This Employment Agreement ("Agreement") made and entered into this 1st day of September, 2001, by and between MIDWORLD ENTERPRISES, INC., a Delaware corporation with offices located at 101 Semm Sease Rd., Gilbert, SC 29054 (hereinafter referred to as "Midworld") and KEITH GRYBOWSKI, residing at 2117 Shell Ring Circle, Mt. Pleasant, SC 29466 (hereinafter referred to as "Grybowski").

## W I T N E S S E T H :

WHEREAS, Midworld the Directors and officers of the Company have determined that it is in the Company's best interest for continued growth, to restructure financing agreements entered into during the term of the December 20th Employment with Keith Grybowski;

WHEREAS, the restructuring will have an adverse effect upon the Employees compensation as computed by the December 20th Employment Agreement with Keith Grybowski;

NOW, THEREFORE, in consideration of the above premises and the mutual covenants herein contained, the parties hereto hereby agree as follows:

1. Employment.

    (a) General.   Subject to the terms of this Agreement, Midworld hereby employs Grybowski and Grybowski agrees upon the terms and conditions herein set forth to serve as the Vice President of Midworld.  In such capacity, Grybowski agrees to perform such duties delineated by Midworld's Board of Directors, including, but not limited to, oversight and management of Midworld's global operations (including any and all subsidiaries of Midworld), together with such other additional duties, commensurate with Grybowski's position as Vice President, as may be assigned to Grybowski from time to time by Midworld's Board of Directors.   Grybowski's principal place of employment shall be at the Midworld

1



EXHIBIT   4

office located 101 Semm Sease Rd., Gilbert, SC 29504.

o   (b)    Exclusive Services.    For so long as Grybowski is employed by
Midworld, Grybowski shall devote all of his time and efforts to the
performance of his duties hereunder, shall faithfully serve Midworld, shall in all
conform to and comply with the lawful directions and instructions given to him
by Midworld, and shall use his best efforts to promote and serve the interests of
Midworld. Except as to the activities specified on Exhibit "A" attached hereto,
Grybowski agrees that he is not nor or will b during the term of this contract,
connected with any other buiness pursit without the prior written consent of
the Board of Directors of Midworld.  In the event Grybowski is introduced to a
business proposition substantially similar to the business of Midworld he shall
first offer such business proposition to Midworld.   Should Midworld decline
any such business proposition, Grybowski will be permitted to pursue such
business proposition on his own accord provided he obtains the prior written
consent of the Board of Directors of Midworld, which permission shall not be
unreasonably denied.

2.    Term of Employment. This Agreement shall be for a term of two (2) years
commencing on the above stated date, or for such lesser term as a result of the termination of this
Agreement pursuant to Section 5. On the anniversary of the above stated date, this Agreement
may be renewed by mutual consent for a period of one year and annually thereafter.

3.    Compensation and Other Benefits.    Subject to the provisions of this Agreement,
Midworld shall pay and provide the following compensation and other benefits to Grybowski during
the Term as compensation for services rendered hereunder;

(a) Base Compensation.   Midworld shall pay to Grybowski an annual salary of One
Hundred Thirty  Thousand US Dollars (US$ 135,000) ("Base Compensation").
The base compensation shall be increased ten (10%) each year on the contract
anniversary date if the Company's net profits for the previous year have increased

2



by at least 10%.

(b) <u>Employee Benefits</u>. Immediately upon the execution of this Agreement Grybowski shall become eligible to participate in Midworld's group health insurance policy coverage, which premium payments shall be paid by Midworld and deducted from Base Compensation.

(c) <u>Expenses</u>. Grybowski's reasonable business related travel expenses shall be paid by Midworld. Reasonable expenditures paid for and incurred by Grybowski for business related travel shall be reimbursed by Midworld upon submission of receipts to Midworld's Chief Financial Officer.

4.    <u>Termination of Employment</u>. Grybowski's employment may be terminated upon the mutual consent of Midworld and Grybowski or upon the expiration of the Term of this Agreement. Grybowski's employment may also be terminated at any time by Midworld for cause. Cause shall include, but not be limited to, the following: dishonesty related to the employment with Midworld; violation of any material policy or rule of Midworld; any other act or omission detrimental to the conduct of Midworld's business; excessive absenteeism; failure to perform the duties set forth in this Agreement; the unauthorized disclosure of secrets or confidential information; the inducement of customers or employees to break any contracts with Midworld; the breach of a material provision of this Agreement.

In the event Grybowski's employment is terminated (for any reason) he shall no longer be entitled to receive Base Compensation, except for any accrued and unpaid amounts through the date of termination. Any aforementioned accrued and unpaid amounts due to Grybowski through the date of his termination will be paid no later than forty-five (45) days from the date of termination.

5.    <u>Secrecy and Noninterference</u>.

(a) <u>No Interference</u>.    For so long as Grybowski is employed by Midworld and continuing for 1 year after the termination of such employment or resignation therefrom (such period being referred to hereinafter as the "Restricted Period") Grybowski shall not, whether for his own account or for the account of any other

3



individual, partnership, firm, corporation or other business organization (other than Midworld) intentionally solicit, endeavor to entice away from Midworld, or otherwise interfere with the relationship of Midworld with, any person who is employed by or otherwise engaged to perform services for Midworld (including but not limited to, any independent sales representatives or organizations) or any person or entity who is, or was within the then most recent 12 month period a customer or client of Midworld.

(b) Secrecy.    Grybowski recognizes that the services to be performed by him hereunder are special, unique and extraordinary in that, by reason of his employment hereunder, he may acquire confidential information and trade secrets concerning the operation of Midworld, or its affiliates or subsidiaries, the use or disclosure of which could cause Midworld or its affiliates or subsidiaries substantial loss and damages which could not be readily calculated and for which no remedy at law would be adequate.    Accordingly, Grybowski covenants and agrees with Midworld that he will not at any time, except in performance of Grybowski's obligations to Midworld hereunder or with the prior written consent of Midworld pursuant to authority granted by the Board of Directors or as required by law directly or indirectly disclose any secret or confidential information that he may learn or had learned by reason of his association with Midworld, or any of its subsidiaries and affiliates, or use any such information.    The term "confidential information" includes, without limitation, information not previously disclosed to the public or to the trade by Midworld's management with respect to Midworld's, or any of its affiliates' or subsidiaries', products, facilities and methods, trade secret and other intellectual property, systems, procedures, manuals, confidential reports, materials used for identifying clients, client information and lists, information concerning ongoing and potential investment banking assignments, internal operating procedures, business plans, projections, valuations techniques, financial models and research data, customer lists, financial information (including the revenues, costs or profits associated with any of Midworld's businesses), business

4



plans, prospects or opportunities but shall exclude any information already in the public domain on the date of this Agreement. Additionally, Grybowski agrees and covenants that, without Midworld's prior written permission, he will not, directly or indirectly, publish, disclose or make accessible to any other person, firm, corporation, organization or entity, including, but not limited to, any member or his family, either during or after the period he is employed by Midworld, any confidential, proprietary, strategic or sensitive information whatsoever relating, directly or indirectly, to Midworld's clients (including the names of such clients) business, or affairs or the business or affairs of any of Midworld or Midworld's affiliates or clients, that he may learn or create during his employment by Midworld, whether or not such information is specifically designated as confidential, proprietary, strategic or sensitive. Grybowski understands and agrees that the rights and obligations set forth in this section 5(b) shall continue for 1 year from the date of this Agreement and, in any case, shall extend beyond the Restricted Period and Grybowski's employment hereunder.

(c) <u>Exclusive Property</u>. Grybowski confirms that all confidential information is and shall remain the exclusive property of Midworld. All business records, papers, documents, software, electronic files and/or systems information kept or made by Grybowski relating to the business of Midworld shall be and remain the property of Midworld. Upon the termination of his employment with Midworld or upon the request of Midworld at any time, Grybowski shall promptly deliver to Midworld, and shall not without the consent of Midworld, retain copies of any written materials, software, electronic files and/or systems information not previously made available to the public, records and documents made by Grybowski or coming into his possession concerning the business or affairs of Midworld or any of its affiliates or subsidiaries; <u>provided</u>, <u>however</u>, that subsequent to any such termination, Midworld shall provide Grybowski with copies and any documents which are requested by Grybowski and which Grybowski has determined in good faith are (i) required to establish a defense to a claim that Grybowski has not complied with his

5



duties hereunder or (ii) necessary to Grybowski in order to comply with applicable law. Grybowski understands and agrees that the rights and obligations set forth in this Section 6(c) are perpetual and, in any case, shall extend beyond the Restricted Period and Grybowski's employment hereunder.

(d) <u>Injunctive Relief.</u>  Without intending to limit the remedies available to Midworld, Grybowski acknowledges that a breach of any of the covenants contained in this Section 6 may result in material irreparable injury to Midworld or its affiliates or subsidiaries for which there is no adequate remedy at law, that it will not be possible to measure damages for such injuries precisely and that, in the event of such a breach or threat thereof, Midworld shall be entitled to obtain a temporary restraining order and/or a preliminary or permanent injunction restraining Grybowski from engaging in activities prohibited by this Section 5 or such other relief as may be required to specifically enforce any of the covenants in this Section 5. Grybowski hereby consents to preliminary injunction enjoining his violation of any provision of Sections 1 and/or 5 of this Agreement and to maintain the status quo pending the hearing and final determination of any legal claim as provided in Section 6 of this Agreement.

(e) <u>Extension of Restricted Period.</u>  In addition to the remedies Midworld may seek and obtain pursuant to Section 5(d), the Restricted Period shall be extended by any and all periods during which Grybowski shall be found by a court possessing personal jurisdiction over him to have been in violation of the covenants contained in this Section 5.

6.    <u>Legal Forum.</u>  In consideration of his employment by Midworld, Grybowski hereby agrees to submit to the jurisdiction of the Circuit Court of South Carolina in _____ County any and all claims, controversies and disputes of any nature whatsoever arising out of or related in any way to his employment by Midworld, including, without limitation, any and all claims, controversies and disputes related to his hiring, the terms or his employment or the termination of his employment.

7.    <u>Indemnification.</u>  Grybowski hereby agrees that he will be responsible for, will pay, and

6

will fully indemnify Midworld for and hold Midworld harmless from any and all losses, claims, damages, penalties, judgments, awards, liabilities, cost, expenses and disbursements (including, without limitation, reasonable attorney's fees) and the fees, costs, expenses and disbursements incurred in respect of any action, suit, proceeding or investigation, incurred by Midworld based upon, arising out of or in connection with (i) Grybowski's refusal to comply with lawful instructions received from a supervisor; (ii) Grybowski's willful failure to comply with any provision of any applicable law, rule or regulation or any provision of this Agreement.

8. <u>Nonassignability: Binding Agreement</u>.

    (a) <u>By Grybowski</u>. Without the prior written consent of Midworld, this Agreement and any and all rights, duties, obligations or interests hereunder shall not he assignable or delegable by Grybowski, nor shall any right of Grybowski (or Grybowski's. estates or beneficiary, as the case may be) to any payment or benefit hereunder be subject to any manner of alienation or assignment.

    (b) <u>By Midworld</u>. This Agreement and all of Midworld's rights and obligations hereunder may be assigned, delegated or transferred by it to any business entity which at any time by merger, consolidation or otherwise acquires all or substantially all of the assets of Midworld or to which Midworld transfers all or substantially all of its assets. Upon such assignment, delegation or transfer, any such business entity shall be deemed to be substituted for all purposes as Midworld hereunder.

    (c) <u>Binding Effect</u> This Agreement shall be binding upon, and inure to the benefit of, the parties hereto, any successors to or assigns of Midworld and Grybowski's heirs and the personal representations of Grybowski's estate.

9.     <u>Severability</u>. If the final determination of a court of competent jurisdiction declares, after the expiration of the time within which judicial review (if permitted) of such determination may be perfected that any term or provision hereof is invalid or unenforceable, (a) the remaining terms and provisions hereof shall be unimpaired and (b) the invalid or unenforceable term or provision shall be



deemed replaced by a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision dictated by such Court.

10.        Amendment; Waiver.    This Agreement may not be modified, amended or waived in any manner except by an instrument in writing signed by both parties hereto provided, however, that any such modification, amendment or waiver on the part of Midworld shall have been previously approved by the Board of Directors.  The waiver by either party of compliance with any provision of this Agreement by the other party shall not operate or be construed as a waiver of any other provision of this Agreement, or of any subsequent breach by such parry of a provision of this Agreement.

11.    Tax Withholding.    Payments to Grybowski of all compensation including the Annual Bonuses contemplated under this Agreement shall be subject to all applicable legal requirements with respect to the withholding of taxes and reporting.

12.    Governing Law.    All matters affecting this Agreement, including the validity thereof, are to be governed by, and interpreted and construed in accordance with, the laws of the State of South Carolina applicable to contracts executed in and to be performed in that State.

13.    Notices.  Any notice hereunder by either party to the other shall be given in writing by personal delivery or certified mail, return receipt requested.  If addressed to Grybowski, the notice shall be delivered or mailed to Grybowski at the address first set forth above, or if addressed to Midworld, the notice shall be delivered or mailed to Midworld, with copy to Glengary Holdings Inc., 500 Executive Boulevard, Suite 306, Ossining, New York 10562.  A notice shall be deemed given, if by personal delivery, on the date of such delivery or, it by certified mail, on the date shown on applicable return receipt.

12.    Supersedes  Previous  Agreements        This  Agreement  supersedes  all  prior  or contemporaneous  negotiations, commitments, agreements and writings with respect to the subject

8



matter hereof, all such other negotiations,  commitments, agreements and writings will have no further force or effect, and the parties to any such other negotiation, commitment, agreement or writing will have no further rights or obligations thereunder.

13.    Counterparts.  This Agreement may be executed by either of the parties hereto in counterparts, each of which shall be deemed to be an original, but all such counterparts shall together constitute one and the same instrument.

14.    Headings.  The headings of sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

ACCEPTED AND AGREED TO:

MIDWORLD ENTERPRISES, INC.

By _____

    Name:  LOUIS W. KIETZMAN
    Title:   PRESIDENT
    Date:   9/1/V00 1

By _____

    KEITH GRYBOWSKI
    Date:  9/1/01

9

## AFFIRMATION OF SERVICE

The undersigned, an attorney, hereby affirms under penalty of perjury that a true copy of the foregoing document was served on the attorneys of all parties who have appeared at the address listed below on the 17th day of June, 2003, by sending the same in a sealed envelope, with shipping charges paid by the sender, via Federal Express Standard Overnight delivery, Airbill No.8412 1041 4430, addressed as shown below:

Steven T. Sledzik, Esq.
JONES, SLEDZIK, GARNEAU & NARDONE, LLP
670 White Plains Road
Scarsdale, NY 10583

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Dated this 17th of June, 2003.

JAMES M. MALONEY

## ENDORSEMENT ORDER

Midworld Enterprises, Inc. v. Lou Keitzman and Keith Grybowski, 03 Civ. 2889 (CLB)

The within motion is granted to the extent that this diversity action is transferred to the United States District Court for the District of South Carolina (Charleston Division) pursuant to 28 U.S.C.. § 1406.

Plaintiff, contrary to the allegation in paragraph No. 1 of the Complaint, is not a New York Corporation, but rather it is incorporated in Delaware.  It is doubtful if its principal office is in this district, as alleged, because it is not registered with the New York Department of State and not licensed to do business in New York.  Defendant Grybowski, said to have been the Vice President of the Plaintiff, resides in South Carolina and never came to New York during the relevant period, making it highly unlikely that New York is the "nerve center" of corporate affairs.

It is doubtful that Plaintiff will be able to obtain personal jurisdiction over defendants in New York.  There are conflicting forum selection clauses in two different agreements.

It is not clear that all claims pleaded arise under the contract which selects New York as the forum state.  The Complaint and the affidavit of Douglas Brennan state that the non-moving Co-Defendant Keitzman is also a citizen of South Carolina.

Under the totality of the circumstances, the interests of Justice will be served by transfer to South Carolina, consistent with 28 U.S.C. § 1391(a).

SO ORDERED.

Dated: White Plains, New York
     June 24, 2003

_____
Charles L. Brieant, U.S.D.J.

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

JUN 24 2003

Copies mailed / handed / faxed to counsel  6/24/03

$75,000 and the parties are residents of different states.

III.   FACTUAL ALLEGATIONS

5.      Midworld is involved in the operation of so-called "Redemption 8-liner arcade machines" (the "8-liner machines"). Midworld operates 8-liner machines in the State of Texas.

6.      In or about September 2001, defendant Keitzman signed an agreement with Midworld in which he agreed to serve as its President and Chief Executive Officer as well as serve on the Board of Directors. As the President, Chief Executive Officer and Member of the Board of Directors, Keitzman had a fiduciary duty to Midworld.

7.      Under the terms of the employment agreement between Midworld and Keitzman:

> For so long as Kietzman is employed by Midworld, Kietzman shall faithfully serve Midworld, shall in all conform to and comply with the lawful directions and instructions given to him by Midworld, and shall use his best efforts to promote and serve the interests of Midworld. In the event Kietzman is introduced to a business proposition substantially similar to the business of Midworld he shall first offer such business proposition to Midworld. Should Midworld decline any such business proposition, Kietzman will be permitted to pursue such business proposition on his own accord provided he obtains the prior written consent of the Board of Directors of Midworld, which permission shall not be unreasonably denied.

8.      Under the terms of the employment agreement between Midworld and Keitzman:

> For so long as Kietzman is employed by Midworld and continuing for 2 years after the termination of such employment or resignation therefrom (such period being referred to hereinafter as the "Restricted Period") Kietzman shall not, whether for his own account or for the account of any other individual, partnership, firm, corporation or other business organization (other than Midworld) intentionally solicit, endeavor to entice away from Midworld, or otherwise interfere with the relationship of Midworld with, any person who is employed by or otherwise engaged to perform services for Midworld (including but not limited to, any independent sales representatives or organizations) or any person or entity who is, or was within the then most recent 12 month period a customer or client of Midworld.

9.      In or about December 20, 2001, defendant Grybowski signed an agreement with Midworld in which he agreed to serve as its Vice President.

2

10.    Under the terms of the employment agreement between Midworld and Grybowski:

> For so long as Grybowski is employed by Midworld, Grybowski shall faithfully serve Midworld, shall in all conform to and comply with the lawful directions and instructions given to him by Midworld, and shall use his best efforts to promote and serve the interests of Midworld. In the event Kietzman is introduced to a business proposition substantially similar to the business of Midworld he shall first offer such business proposition to Midworld . . . Should Midworld decline any such business proposition, Grybowski will be permitted to pursue such business proposition on his own accord provided he obtains the prior written consent of the Board of Directors of Midworld, which permission shall not be unreasonably denied.

11.    Under the terms of the employment agreement between Midworld and Grybowski:

> For so long as Grybowski is employed by Midworld and continuing for 2 years after the termination of such employment or resignation therefrom (such period being referred to hereinafter as the "Restricted Period") Grybowski shall not, whether for his own account or for the account of any other individual, partnership, firm, corporation or other business organization (other than Midworld) intentionally solicit, endeavor to entice away from Midworld, or otherwise interfere with the relationship of Midworld with, any person who is employed by or otherwise engaged to perform services for Midworld (including but not limited to, any independent sales representatives or organizations) or any person or entity who is, or was within the then most recent 12 month period a customer or client of Midworld.

13.    In or about January 4, 2001, TGK Enterprises, Inc., LLC ("TGK") signed an agreement with Midworld in which Midworld agreed to assume all of TGK's rights and obligations associated with four leases for 8-liner machines. Upon information and belief, at least one, if not all, of the four leases assumed by Midworld from TGK included options to purchase the leased 8-liner machines. Upon information and belief, all of the four leases assumed by Midworld from TGK included rights of renewal. Under the terms of all four leases, Midworld agreed to assume leases for a total of one hundred and sixty-one 8-liner machines.

14.    TGK also agreed to assign to Midworld contracts that TGK had with business establishments in Texas for the operations of the 8-liner machines.

3

15.    Midworld provided Keitzman and Grybowski with other and further sums to purchase additional 8-liner machines.  And, upon information and belief, Keitzman and/or Grybowski did purchase all rights regarding approximately one hundred and sixty 8-liner machines.  On behalf of Midworld, Keitzman purchased on behalf of Midworld an additional seventy-seven machines.  On behalf of Midworld, Keitzman purchased additional equipment, including but limited to stools and bill validators.

16.    An 8-liner machine operated on a weekly basis generates an average of approximately $250 per week in revenue.

17.    Through Keitzman and Grybowski, Midworld operated some of the leased 8-liner machines in Texas in, inter alia, establishments with which TGK had leases.  Keitzman and Grybowski never provided Midworld with the profits from the operations of the 8-liner machines, despite demands from Midworld.

18.    Defendants have refused to identify the location and serial number of any machine owned by Midworld, despite repeated requests by Midworld for the same information.  Defendants have failed to provide any information to Midworld regarding their compliance with Texas regulatory requirements, despite Midworld's repeated requests for the same.

19.    In or about February 2003, Keitzman informed the other directors of Midworld, that, in his own name or on behalf of another entity, he had purchased or had begun leasing one hundred and forty-five 8-liner machines, machines previously leased by Midworld.  Prior to purchasing the machines, Keitzman never offered them to Midworld for purchase.  Subsequent to purchasing the 8-liner machines, Keitzman will be competing for business against Midworld.  Additionally, Keitzman purchased machines that Midworld contractually had the right to purchase.  Because Midworld can no longer operate these machines, it is losing its business profits.

4

20.     Upon information and belief, Keitzman allowed three of the equipment leases that Midworld assumed from TGK to lapse without making any attempt to renew the leases on behalf of Midworld.  Keitzman never advised the Midworld board of the expiration of the leases or gave Midworld an opportunity to renew the leases.

21.     Because Midworld can no longer operate the 8-liner machines, it is losing business profits.

22.     Upon information and belief, Grybowski had knowledge of Keitzman's plans and either participated in acts in furtherance of his plans or did nothing to stop them.  Grybowski, with knowledge of Keitzman's plans, never informed the Board of Midworld of those plans.

23.     Since the signing of his employment agreement, Midworld has paid Grybowski a substantial sum of money as salary.  Grybowski has failed to have provided any services to Midworld, despite it having paid him a salary.  Grybowski has never explained what services he has provided to Midworld in exchange for his salary, despite Midworld's repeated requests for this information.  Additionally, despite the fact that Midworld provided 8-liner machines only in Texas, since August 2002, Grybowski has refused to go to Texas.

IV. CAUSES OF ACTION

AS AND FOR A FIRST CAUSE OF ACTION

24.     Plaintiff incorporates paragraphs 1-23 as if fully set forth herein.

25.     Based on the foregoing facts, defendants breached their contracts with Midworld by failing to promote and serve the interests Midworld and failing to advise Midworld of business opportunities.

AS AND FOR A SECOND CAUSE OF ACTION

26.     Plaintiff incorporates paragraphs 1-25 as if fully set forth herein.

5

27.    Based on the foregoing facts, defendants breached their contracts with Midworld by competing with Midworld for its customers, business and business opportunities.

### AS AND FOR A THIRD CAUSE OF ACTION

28.    Plaintiff incorporates paragraphs 1-27 as if fully set forth herein.

29.    Based on the foregoing facts, defendants breached their fiduciary duty owed to Midworld.

### AS AND FOR A FOURTH CAUSE OF ACTION

30.    Plaintiff incorporates paragraphs 1-29 as if fully set forth herein.

31.    Based on the foregoing facts, defendants usurped the corporate opportunities of Midworld.

### AS AND FOR A FIFTH CAUSE OF ACTION

32.    Plaintiff incorporates paragraphs 1-31 as if fully set forth herein.

33.    Without authority of Plaintiff, Defendants retained possession of the aforesaid equipment and refused to return it to Plaintiff despite repeated requests for the same.  Defendants intentionally retained possession of the aforesaid equipment and refused to return it to Plaintiff despite repeated requests for the same.  In retaining possession of the aforesaid equipment for their own use and refusing to return it to Plaintiff despite its repeated requests for the same, Defendant interfered with Plaintiff's right of possession to the aforesaid equipment.

34.    By reason of the aforesaid, Defendants converted $200,000 of Plaintiff's possessions and is liable for the value of the property.

V.    JURY DEMAND

35.    Plaintiff requests a trial by jury.

6

VI.    PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

(a)    accept jurisdiction over this case;

(b)    empanel a jury to hear and decide plaintiff's claims;

(c)    award to plaintiff compensatory damages arising from the defendants' conduct, breach of the agreements, breach of their fiduciary duties, with pre- and post-judgment interest, in an amount of six Million two hundred Thousand dollars ($6,20,000);

(d)    award to plaintiff punitive damages based on individual defendants' intentional, malicious, and wanton conduct, in the amount of one Million dollars ($1,000,000);

(e)    award to plaintiff the reasonable costs and attorneys' fees arising from this action, with post-judgment interest, and

(f)    enter any other relief as the court deems equitable and just.

Dated: April 17, 2003
       Scarsdale, NY

                              Respectfully submitted,


                              _____
                              STEPHEN J. JONES (SJJ 7140)
                              JONES SLEDZIK GARNEAU &
                              NARDONE, LLP
                              670 White Plains Road, Penthouse
                              Scarsdale, NY 10583
                              (914) 472-2300
                              Attorneys for Plaintiff

7

VERIFICATION

STATE OF NEW YORK          )
                                        :
COUNTY OF WESTCHESTER   )

I, Douglas Brennan, am a member of the Board of Directors of Midworld Enterprises

Inc., Plaintiff in the within action.  I have read the foregoing Complaint and know the contents

thereof.  The contents are true to my own knowledge except as to matters therein stated to be

alleged upon information and belief, and as to those matters I believe them to be true.


Douglas Brennan

Sworn to before me this 17th day
of April, 2003.



Notary Public

STEVEN T. SLEDZIK
Notary Public, State of New York
No. 02SL6006234
Qualified in New York County
Commission Expires June 21, 20__

8

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

**SOUTHERN**        **DISTRICT OF**        **NEW YORK**

MIDWORLD ENTERPRISES INC.

## SUMMONS IN A CIVIL CASE

V.

LOU KEITZMAN and KEITH GRYBOWSKI          CASE NUMBER:

## 03 CIV. 2889

TO: (Name and address of defendant)

Lou Keitzman                    Keith Grybowski
400 Willow Winds Drive           2117 Shell Ring Circle
Columbia, SC 29210-4460          Mt. Pleasant, SC 29466


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Stephen J. Jones, Esq.
Jones Sledzik Garneau & Nardone, LLP
670 White Plains Road, Penthouse
Scarsdale, NY 10583
914-472-2300


an answer to the complaint which is herewith served upon you, within ___20 days_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


J. Michael McMahon
CLERK

APR 2 4 2003

_____          _____
CLERK                            DATE

_____
(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK

Attorney: JONES SLEDZIK GARNEAU & NARDONE, LLP - 1327

MIDWORLD ENTERPRISES INC.

Plaintiff(s)

- against -

LOU KEITZMAN ET AL

Defendant(s)

Index # 03 CIV 2889(BRIEANT

Date Filed:

**AFFIDAVIT OF SERVICE**

STATE OF Georgia                : COUNTY OF Chatham                ss:

John W. Crisp _____ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT Savannah, GA . ON 6/9/03 AT 5:20 AM/PM AT 1429 C Estill Ave., Tybee Island, GA 31328

DEPONENT SERVED THE WITHIN SUMMONS & COMPLAINT & JUDGE CHARLES BRIEANT'S RULES
ON: LOU KEITZMAN ,THE DEFENDANT/RESPONDENT THEREIN NAMED.

**#1 INDIVIDUAL** By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be
xxxx the person described as the defendant/respondent therein.

**#2 CORPORATION** A _____ corporation, delivering thereat a true copy of each to _____ personally,
deponent knew said corporation so serviced to be the corporation, described in same as said defendant/respondent
and knew said individual to be _____ thereof.

**#3 SUITABLE** By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is the
**AGE PERSON** defendant's/respondent's  [  ] actual place of business    [  ] dwelling house / usual place of abode within the state.

**#4 AFFIXING** By affixing a true copy of each to the door of said premises, which is the defendant's/respondent's  [  ] actual place of
**TO DOOR** business    [  ] dwelling house /usual place of abode within the state.

**#5 MAILING** On _____, deponent completed service under the last two sections by depositing a copy of the
**COPY** _____ to the above address in a
First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the
exclusive care and custody of the United States Post Office in the State of _____.

Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion,
having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#6 NON-SERVICE** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the
defendant/respondent being served because of the following:  [  ] party unknown at address    [  ] Evading
[  ] Moved left no forwarding  [  ] Address does not exist  [  ] No one ever in or available to accept service

**#7 DESCRIPTION** A description of the defendant/respondent , or other person served, or spoken to on behalf of the
x defendant/respondent is as follows:

Description is required
if #1,#2 or #3 above is
Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| Male | White | White | 70 | 6' | 180 |

**# 8 WIT. FEES** $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the
witness/recipient.

**# 9 MILITARY** Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States
**SERVICE** Government or on active duty in the military service in the State of Georgia and was informed the
X defendant/respondent was not.

Sworn to before me on this 10th day of June, 2003

Notary Public
G. BENNETT CRISP
Notary Public, Chatham County, GA
My Commission Expires December 8, 2003

Server signature

Docket #: 210749

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK          Attorney:  111 - 97

---

MIDWORLD ENTERPRISES INC.                                    Index #  03 CIV 2889

                                              Plaintiff(s)

                     - against -                             Date Filed:

LOU KEITZMAN ET AL

                                              Defendant(s)

                                                             **AFFIDAVIT OF SERVICE**

---

STATE OF _South Carolina_  : COUNTY OF _Dorchester_           ss:

_I. K.D. Ewers_ _____ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS
ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT _Dorchester County_ ON _May 9, 03_ AT _1.02_ AM/PM
AT _2117 Shell Ring Circle, Mt. Pleasant, SC 29466_
DEPONENT SERVED THE WITHIN SUMMONS & COMPLAINT & JUDGE CHARLES BRIEANT'S RULES
ON: KEITH GRYBOWSKI ,THE  DEFENDANT/RESPONDENT  THEREIN NAMED.

**#1 INDIVIDUAL**   By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be
                    the person described as the  defendant/respondent  therein.

**#2 CORPORATION**  A _____ corporation, delivering thereat a true copy of each to _____ personally,
                    deponent knew said corporation so serviced to be the corporation, described in same as said  defendant/respondent
                    and knew said individual to be _____ thereof.

**#3 SUITABLE**     By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is the
**AGE PERSON**      defendant's/respondent's  [  ] actual place of business     [  ] dwelling house / usual place of abode within the state.

**#4 AFFIXING**     By affixing a true copy of each to the door of said premises, which is the  defendant's/respondent's  [  ] actual place of
**TO DOOR**         business     [  ] dwelling house /usual place of abode within the state.

**#5 MAILING**      On _____, deponent completed service under the last two sections by depositing a copy of the
**COPY**            _____ to the above address in a
                    First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the
                    exclusive care and custody of the United States Post Office in the State of _____.

                    Deponent was unable, with due diligence to find the  defendant/respondent  or a person of suitable age and discretion,
                    having called thereat

                    on the _____ day of _____ at _____
                    on the _____ day of _____ at _____
                    on the _____ day of _____ at _____
                    on the _____ day of _____ at _____

**#6 NON-SERVICE**  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the
                    defendant/respondent  being served because of the following: [  ] party unknown at address     [  ] Evading
                    [  ] Moved left no forwarding  [  ] Address does not exist   [  ] No one ever in or available to accept service

**#7 DESCRIPTION**  A description of the  defendant/respondent , or other person served, or spoken to on behalf of the
                    defendant/respondent  is as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| Male | White | Grey | 60 | 5'11" | 165 lbs |

**# 8 WIT. FEES**   $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the
                    witness/recipient.

**# 9 MILITARY**    Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States
**SERVICE**         Government or on active duty in the military service in the State of _SC_ and was informed the
                    defendant/respondent  was not.

Sworn to before me on this _12th_ day of _May, 2003_          Server signature: _K.D. Ewers_
                                                                               K.D. EWERS
Notary Public _Stephanie Filippa_                            Docket #: 204527
                my commission expires: 1/21/04

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE  5-9-03 |
| NAME OF SERVER (PRINT)  K.D. Ewers | TITLE  Process Service |

*Check one box below to indicate appropriate method of service*

[✓] Served personally upon the defendant. Place where served: 2117 Shell Ring Circle  Mt. Pleasant, SC  29466

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

[ ] Returned unexecuted: _____
_____
_____
_____

[ ] Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    5-9-03
              Date

K.D. Ewers
Signature of Server

Summerville, SC
Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.