

FILED CR

JUL 2 5 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Midworld Enterprises Inc. | ) | C.A. No: 2: 03-2147-18 |
| Plaintiff | ) | |
| vs. | ) | ANSWER AND COUNTERCLAIM |
| Louis Kietzman &<br>Keith Grybowski | ) | |
| Defendants | ) | |

Defendant, Keith Grybowski "GRYBOWSKI", in response to Plaintiff Midworld Enterprises Inc. Complaint files this his Answer and Counterclaim as follows:

1. GRYBOWSKI denies the allegations within paragraph "1" of the complaint.

2. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "2" of the complaint.

3. GRYBOWSKI admits the allegations within paragraph "3" of the complaint.

4. GRYBOWSKI denies the allegations within paragraph "4" of the complaint.

5. GRYBOWSKI denies the allegations within paragraph "5" of the complaint.

6. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "6" of the complaint.

7. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "7" of the complaint.

8. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "8" of the complaint.

9. GRYBOWSKI admits that on September 1, 2001, he signed an employment agreement with Midworld. GRYBOWSKI denies the remaining allegations within paragraph "9" of the complaint.

10. GRYBOWSKI denies the allegations within paragraph "10" of the complaint.

11. GRYBOWSKI denies the allegations within paragraph "11" of the complaint.

12. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "13" of the complaint.

13. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "14" of the complaint.

14. GRYBOWSKI denies the allegations within paragraph "15" of the complaint.

15. GRYBOWSKI denies the allegations within paragraph "16" of the complaint.

16. GRYBOWSKI denies the allegations within paragraph "17" of the complaint.

17. GRYBOWSKI denies the allegations within paragraph "18" of the complaint.

18. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "19" of the complaint.

19. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "20" of the complaint.

20. GRYBOWSKI is without significant knowledge to deny or admit the allegations within paragraph "21" of the complaint.

21. GRYBOWSKI denies the allegations within paragraph "22" of the complaint.

22. GRYBOWSKI denies the allegations within paragraph "23" of the complaint.

23. GRYBOWSKI incorporates his responses to paragraphs 1-23 of the complaint as if fully set forth herein.

24. GRYBOWSKI denies the allegations within paragraph "25" of the complaint.

25. GRYBOWSKI incorporates his responses to paragraphs 1-25 of the complaint as if fully set forth herein.

26. GRYBOWSKI denies the allegations within paragraph "27" of the complaint.

27. GRYBOWSKI incorporates his responses to paragraphs 1-27 of the complaint as if fully set forth herein.

28. GRYBOWSKI denies the allegations within paragraph "29" of the complaint.

29. GRYBOWSKI incorporates his responses to paragraphs 1-29 of the complaint as if fully set forth herein.

30. GRYBOWSKI denies the allegations within paragraph "31" of the complaint.

31. GRYBOWSKI incorporates his responses to paragraphs 1-31 of the complaint as if fully set forth herein.

32. GRYBOWSKI denies the allegations within paragraph "33" of the complaint.

33. GRYBOWSKI denies the allegations within paragraph "34" of the complaint.

## AFFIRMATIVE DEFENSES

As for its First Affirmation Defense, GRYBOWSKI states that the Complaint fails to state a claim upon which relief can be granted against Defendant GRYBOWSKI.

As for his Second Affirmative Defense, Defendant GRYBOWSKI alleges to the extent the Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

As for his Third Affirmative Defense, this Defendant GRYBOWSKI is informed and believes and on such information and belief alleges that Plaintiff breached its contract, if any, with Defendant GRYBOWSKI, and that by reason of said breach of contract, Defendant GRYBOWSKI has been excused of his duties to perform all obligations set forth in said contract.

As for his Fourth Affirmative Defense, Defendant GRYBOWSKI alleges that he has suffered damage by reason of Plaintiff's conduct; that he has a right

of offset if any amount of money owed to Plaintiff or due Plaintiff by way of damage suffered Defendant GRYBOWSKI by Plaintiff's conduct.

As for his Fifth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and on such information and belief alleges that Plaintiff was engaged in conduct that constitutes a waiver of its rights under the contract alleged in the complaint. By reason of said waiver, Defendant is excused from further performance of the obligations under the alleged contract.

As for his Sixth Affirmative Defense, Defendant GRYBOWSKI alleges that plaintiff's actions constituted a full release and waiver by Plaintiff of any and all claims which Plaintiff may have against Defendant GRYBOWSKI.

As for his Seventh Affirmative Defense, Defendant GRYBOWSKI alleges that the Plaintiff herein and each and every Cause of Action in the complaint is barred because Plaintiff has engaged in acts and courses of conduct which rendered it in pari delicto.

As for his Eighth Affirmative Defense, Defendant GRYBOWSKI alleges that the Plaintiff herein and each and every Cause of Action contained in the complaint, are barred by reason of the acts, omissions, representations and courses of conduct by Plaintiff, by which Defendant GRYBOWSKI was led to rely to his detriment, thereby barring, under the doctrine of equitable estopple, any Causes of Action asserted by the Plaintiff.

As for his Ninth Affirmative Defense, Defendant GRYBOWSKI alleges that performance by Defendant GRYBOWSKI of certain acts was contingent upon receipt of specific instructions or otherwise properly directed any actions which

supposedly were to be undertaken by Defendant GRYBOWSKI, thus Plaintiff's authority, direction and cooperation was a condition precedent to any alleged-obligation-by Defendant GRYBOWSKI to perform such acts.

As for his Tenth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and they're on alleges that the damage is referred to in the complaint by Plaintiff was approximately caused by the Plaintiff and/or others affiliated in any manner with the Plaintiff, in that at all times relevant herein, Plaintiff, failed to exercise for its own protection the proper care and precautions which a prudent corporation under the same similar circumstances would have exercised and that if this Defendant committed any wrongful act at all (which supposition is made for the purpose of his defense without admitting such to be a fact) the aforesaid conduct the Plaintiff and/or entities or persons associated in any manner with the Plaintiff, contributed to the happenings of plaintiffs alleged damages.

As for his Eleventh Affirmative Defense, Defendant GRYBOWSKI alleges that the Plaintiff, herein and each and every purported Cause of Action in the complaint is part as a result of a failure of consideration.

As for his Twelfth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and thereon alleges that Plaintiff has failed to mitigate and lesson its damages, if any, it sustained, as required by law, and is barred from recovery by reason thereof against Defendant GRYBOWSKI.

As for his Thirteenth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and thereon alleges that the contract in question, if any,

was modified by the parties, and the Plaintiff is barred from recovering on the unmodified original contract, if any, by reason of said a modification.

As for his Fourteenth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and thereon alleges that a new contract was substituted in place of the original contract, if any, and Plaintiff is barred from recovery on the original contract, if any.

As for his Fifteenth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and thereon alleges that if there presently exist or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of its complaint, said claims or obligations are unenforceable by reason of mutual mistake.

As for his Sixteenth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and thereon alleges if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of its complaint, said claims or obligations are unenforceable because the written agreement does not fully integrate the alleged rights, claims or obligations which Plaintiff seeks by way of its complaint.

As for his Seventeenth Affirmative Defense, Defendant GRYBOWSKI is informed and believes and thereon alleges that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations, that Plaintiff by way of its complaint, said claims or obligations are unenforceable because the Plaintiff was aware of and assumed the risk involved in the transaction.

WHERREFOR Defendant GRYBOWSKI prays that Plaintiff MIDWORLD take nothing by its complaint and that Defendant GRYBOWSKI has judgment against Plaintiff MIDWORLD to recover all costs incurred as a result of this suit and such other relief as the Court may deem proper.

## COUNTERCLAIM

Defendant Counter-Plaintiff GRYBOWSKI sues Plaintiff Counter-Defendant MIDWORLD and further alleges as follows:

1.  This Court has jurisdiction over this South Carolina Law claim pursuant to 28 U.S.C. § 1367 (a).

2.  Defendant Counter-Plaintiff GRYBOWSKI is a resident of the state South Carolina.

3.  Plaintiff Counter-Defendant MIDWORLD is a corporate entity duly formed and incorporated pursuant to the laws on the State of Delaware.

4.  At all times material to this cause of action, Plaintiff Counter-Defendant MIDWORLD had a business presence in the State of South Carolina and/or otherwise conducted business within State of South Carolina State, such that it is subject to the personal jurisdiction of the South Carolina Courts.

## BREACH OF COUNTRACT – UNPAID WAGES

5.  On September 1, 2001 Defendant Counter-Plaintiff GRYBOWSKI entered into an employment agreement with Plaintiff Counter-Defendant MIDWORLD.

6.  The employment agreement was negotiated, signed, and executed in the State of South Carolina.

7. The terms of the employment agreement provided that Defendant Counter-Plaintiff GRYBOWSKI was to be employed by Counter-Defendant MIDWORLD for a term of two years, unless terminated earlier as provided in the agreement.

8. Defendant Counter-Plaintiff GRYBOWSKI was employed by Plaintiff Counter-Defendant MIDWORLD pursuant to the terms and provisions of the employment agreement from September 1, 2001 to, March 31, 2003.

9. Defendant Counter-Plaintiff GRYBOWSKI fully and faithfully performed any and all duties assigned to him, including those in the State of South Carolina, and otherwise fulfilled his obligations under the employment agreement.

10. Nonetheless, as of March 31, 2003, Plaintiff Counter-Defendant MIDWORLD failed to pay Defendant Counter-Plaintiff GRYBOWSKI approximately $128,516. in earned wages.

11. On March 31, 2003 Defendant Counter-Plaintiff GRYBOWSKI resigned as an employee of Plaintiff Counter-Defendant MIDWORLD.

12. Plaintiff Counter-Defendant MIDWORLD has breached the September 1, 2001 employment agreement by failing to pay Defendant Counter- Plaintiff GRYBOWSKI $128,516 in earned wages.

13. As a result of Plaintiff Counter-Defendant MIDWORLD failure to pay the earned wages, Defendant Counter-Plaintiff GRYBOWSKI has been damaged and has incurred costs and attorney's fees in having to prosecute this action for breach of his employment agreement.

Wherefore, Defendant-Counter Plaintiff GRYBOWSKI demands;

    a.    That the court assert jurisdiction over this claim;

    b.    Compensatory damages and pre judgment interest;

    c.    Treble damages pursuant to Act. S.C. Code Ann, § 41-10-80 (C)

    d.    Cost of this action and a reasonable attorney's fees.

    e.    Trial by jury.

    f.    Such other relief as the Court deems just and equitable.

Dated July, 24th, 2003
Charleston, SC

        Respectfully submitted

        Keith S. Grybowski, Pro Se
        Defendant-Counter Plaintiff
        2117 Shell Ring Circle
        Mt. Pleasant, SC, 29466
        (843) 856-9302

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Counterclaim was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Stephen J. Jones, Esq.
670 White Plains Road,
Penthouse
Scarsdale, NY 10583
(Attorney for Plaintiff Midworld Enterprises),

Gerald M. Finkel, Esq
Stephanie Borsayni Esq.
1201 Main Street, Suite 1800
P.O. Box 1799
Columbia, South Carolina 29202.
(Attorneys for Defendant Louis Kietzman)

Charleston, South Carolina this 24th day of July, 2003

*Keith S Grybowski*
2117 Shell Ring Circle
Mt. Pleasant, SC 29466
(843) 856-9302
*Pro Se* Defendant